Mr. Chief Justice Shakket
delivered the opinion of the court.
The plaintiffs in error made their promissory note to Mrs. Con-nell, who indorsed to West & Hamilton. West had also signed the note with the other makers, and added to his name the word “ security.” The only question is, can the action be sustained by West & Hamilton as plaintiffs, on the note which West had signed as above stated? West can be regarded in no other light than as a joint maker, and the mere addition of the word security at the end of his name, did not change the nature of his original liability, nor is it evidence in itself, that he stood in that relation to the other contracting parties.
When he paid the note, therefore, he was only discharging his own contract and liability, and he had a right to resort to his proper remedy against the other contracting parties for contribution; but his remedy was not on the special contract, it originated from the fact that he had discharged that contract.
If he was in reality only a security, and if his being so would give him a remedy on the note, yet he has failed to show it, and *311 in the absence of any such showing, he cannot recover on the note, it being a contract on which he was equally bound to discharge, and’the breach of which was equally a breach of his own duty.
The judgment must be reversed, and venire de novo awarded.